**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Joseph Kuc, | No. CV-15-08136-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Christiana Trust ARLP 3, et al., | |
| Defendants. | |

Before the Court is Defendants' Christiana Trust ARLP 3; Ocwen Loan Servicing, LLC; Western Progressive Arizona Inc.; and Fay Servicing, LLC's Motion to Dismiss. (Doc. 6.) Defendants also request that the Court take judicial notice of several documents in connection with the mortgage at issue in this case. (Doc. 6-1.) No party requested oral argument. For the reasons stated below, Defendants' motion to dismiss and request for judicial notice are granted.

## BACKGROUND

In 2007, Plaintiff Anthony Kuc obtained a Loan from Countrywide Bank, FSB (the "Loan") to purchase property located at 5804 Kingman Reef Lane, Kingman, Arizona 86409. (Doc. 1 at 2-3).[1] The Loan was secured by a Deed of Trust ("DOT")

---

[1] Citations to pages in the Court's docket are to the page numbers stamped at the top of the page by the Court's CM/ECF system, not the page numbers at the bottom of each page.

recorded against the same property.  (Doc. 6-2 at 2.)[2]

On June 16, 2011, Countrywide assigned the DOT to BAC Home Loans Servicing, LP ("BAC").  (*Id.* at 19.)  On November 11, 2014, BAC assigned the DOT to Defendant Christiana Trust.  (*Id.* at 20.)  On February 18, 2015, Defendant Western Progressive was appointed as substitute trustee for the DOT.  (Doc. 1 at 70.)  After Kuc defaulted on the Loan, Western Progressive recorded a Notice of Trustee's Sale and scheduled an auction of the property for August 3, 2015.  (Doc. 6-2 at 27.)  Before the auction, on July 30, 2015, Kuc filed this action seeking damages and injunctive relief against all Defendants.  (Doc. 1.)  Defendants now move to dismiss the complaint in its entirety.

## LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts

---

[2] Defendants' request that the Court take judicial notice of five documents pertaining to the Loan and foreclosure:  (1) the Deed of Trust, (2) Assignment of the Deed of Trust, (3) Substitution of Trustee, (4) Notice of Trustee's Sale, and (5) Notice of Lis Pendens.  (Doc. 6-1.)  The request is granted.  Courts routinely take judicial notice of loan documents in foreclosure cases.  *See e.g.*, *Sparlin v. Select Portfolio Serv., Inc.*, 2012 WL 527486, at *8 (D. Ariz. Feb. 17, 2012) ("Generally, courts take judicial notice of recorded loan/mortgage documents when their authenticity is not in dispute.").  Here, the documents have been recorded, are a matter of public record, and Kuc does not contest the authenticity of the documents.

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).  However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## ANALYSIS

Kuc brings three causes of action:  (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), and (3) violation of the Truth in Lending Act ("TILA").  (Doc. 1 at 1-9.) The complaint does not differentiate between the conduct of each Defendant.  Instead, the allegations pertain collectively to all Defendants.

**I.  RESPA Claim**

Kuc alleges that "Defendant(s) deliberately failed to respond completely, in a proper and timely way to Plaintiff's 'qualified written requests' for information about, and corrections to, his mortgage account, in violation of 15 U.S.C. § 2605." (*Id.* at 3-4.) Kuc attached his qualified written requests to the complaint.  (*Id.* at 16-61.)[3]

Section 2605 provides that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response" and "provide the borrower with a written explanation or clarification that

---

[3] A court "may consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

includes . . . information requested by the borrower [and] the name and telephone number of an individual employed by, or the officer or department of, the servicer who can provide assistance to the borrower." 12 U.S.C. § 2605(e). A qualified written request must include the borrower's information and include a statement of the reasons the borrower believes the account is in error. *Id.* § 2605(e)(1)(B). A qualified written request "is one that relates to the servicing of the loan." *Brabant v. JP Morgan Chase Bank*, No. CV 11-00848-TUC-JGZ, 2012 WL 2572281, at *9 (D. Ariz. July 2, 2012) (citing *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009)).

Kuc's qualified written requests are entitled: "Dispute of Debt and Validation of Debt" and "Dispute of Alleged Debt." (Doc. 1 at 17, 47.) The documents contain several pages of summarized case law and largely dispute the validity of the Loan. Although the first request contains over twenty-five "servicing-related questions," they do not relate to servicing of the Loan. Rather, they relate to the chain of title and the history of assignments related to the mortgage. (*Id.* at 26-29.) In sum, neither of the alleged documents constitute qualified written requests within the meaning of RESPA, and thus the claim fails. *See Brabant*, 2012 WL 2572281, at *9.

In addition, Kuc fails to allege facts demonstrating that he suffered actual damages as a result of Defendants' alleged failure to respond. This is also grounds for dismissal of Kuc's RESPA claim. *See Amaral v. Wachovia Mortg. Corp.*, 692 F. Supp. 2d 1226, 1232 (E.D. Cal. 2010) ("Absent factual allegations suggesting that Plaintiffs suffered actual damages, Plaintiffs' RESPA claim is insufficiently pled and subject to dismissal."). The complaint contains no factual allegations relating to actual damages. Kuc's RESPA claim is dismissed.

## II. FDCPA Claim

Kuc alleges Defendants violated the FDCPA. (Doc. 1 at 4-5.) However, Kuc merely recites several provisions of the Act without providing any specific factual allegations. There are no allegations regarding which Defendants, if any, attempted to

collect a debt from Kuc or engaged in conduct that violates the FDCPA.  Even construing Kuc's allegations liberally, as the Court must at this stage, the allegations are mere legal conclusions and fail to state a valid FDCPA claim.

**III.  TILA Claim**

Kuc's TILA claim fares no better.  Kuc alleges "Defendant(s) violated TILA by recording and sending Plaintiff falsified documents."  (Doc. 1 at 6.)  But Kuc does not specify which documents were falsified, which party falsified the documents, when the alleged falsification took place, and what false information was contained in the documents.  Kuc offers only a single conclusory allegation in support of this claim, and therefore the TILA claim fails.

**IV.  Leave to Amend**

"Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)."  *Calugay v. GMAC Mortg.*, No. CV-09-1947-PHX-LOA, 2009 WL 3872356, at *2 (D. Ariz. Nov. 18, 2009).  The Court has liberally construed Kuc's complaint to find any way in which it could possibly state a claim to no avail.  Kuc has not requested leave to amend, and this is Kuc's fourth lawsuit regarding this matter in this Court.[4]  As such, the Court finds that the filing of an amended complaint would be futile against these Defendants, and Kuc's claims are dismissed with prejudice.

---

[4] Kuc has filed three similar actions in this District against other parties regarding the property at 5804 Kingman Reef Lane, all of which have been dismissed.  *See* Case Nos. 11-cv-8091-PCT-DGC (dismissed for lack of subject matter jurisdiction); 12-cv-8024-PCT-FJM (state court case to quiet titled removed to federal court and ultimately dismissed); 12-cv-8126-PCT-GMS (action to quiet title dismissed).

**IT IS ORDERED** that Defendants' motion to dismiss is **GRANTED**.  Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  The Clerk shall terminate this action.

Dated this 6th day of January, 2016.

Douglas L. Rayes
United States District Judge